UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD L. PARENTEAU, JR.,

                Plaintiff,

v.

JAMES COOPER,

                Defendant.

CASE NO. C17-1318 JLR-BAT

ORDER TO SHOW CAUSE

    Richard Parenteau, proceeding *pro se* and *in forma pauperis*, filed a proposed civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. The complaint alleges Detective James Cooper "illegally seized" Mr. Parenteau in his residence on July 19, 2014. *Id.* The Court declines to serve the complaint because it is untimely and fails to state a viable claim for relief under 42 U.S.C. § 1983. However, because Mr. Parenteau proceeds *pro se*, the Court grants him leave to explain why the complaint should not be dismissed.

**DISCUSSION**

    Actions brought under 42 U.S.C. § 1983 require a plaintiff to show that (1) a state actor (2) violated his constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). However, the facts alleged in Mr. Parenteau's complaint fail to state a viable claim for relief under § 1983.

ORDER TO SHOW CAUSE - 1

First, Mr. Parenteau's claim is barred by the statute of limitations. Any claims arising for an alleged false arrest are subject to a three year statute of limitations. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir.1989) (citing RCW 4.16.080(2)). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Two Rivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). Here, Mr. Parenteau alleges that the incident occurred on July 19, 2014, which is more than three years ago from the date of his complaint, August 26, 2017. Mr. Parenteau clearly knew about the alleged illegal seizure at the time it occurred because it involved his own person. Mr. Parenteau is accordingly ordered to show cause why the complaint should not be dismissed because it is untimely and barred by the statute of limitations.

Second, the Court direct Mr. Parenteau to show why his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a state prisoner brings a § 1983 action for damages, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id*. at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997). Here Mr. Parenteau was apparently arrested by Detective Cooper and placed in the King County Jail where he remains detained. The fact that he remains in custody indicates that he has not successfully challenged the criminal matter that brought him to the jail, and that his claims are therefore barred under *Heck*.

Because the complaint appears to be barred by the statute of limitations, and also appears to be barred by *Heck v. Humphry*, the Court declines to serve the complaint. The Court further directs Mr. Parenteau to, no later than **September 29, 2017,** explain why his complaint should

not be dismissed. The Court will recommend the case be dismissed if no explanation is submitted, or if the explanation fails to adequately address the defects contained in the complaint.

The Clerk is directed to provide a copy of this order to Mr. Parenteau, and the Honorable James L. Robart.

DATED this 1st day of September, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3