UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD L. PARENTEAU, JR.,

Plaintiff,

v.

JAMES COOPER,

Defendant.

CASE NO. C17-1318 JLR-BAT

REPORT AND RECOMMENDATION

Richard Parenteau, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint. Dkt. 1. The complaint alleges Detective James Cooper "illegally seized" Mr. Parenteau in his residence on July 19, 2014. *Id*. The Court declined to serve the complaint on the grounds that it is untimely and fails to state a viable claim for relief under 42 U.S.C. § 1983. Dkt. 7. However, because Mr. Parenteau proceeds *pro se*, the Court granted him leave to explain by October 27, 2017, why the complaint should not be dismissed. Mr. Parenteau has not responded or communicated with the Court in any way. The Court accordingly recommends the case be dismissed with prejudice

**DISCUSSION**

Mr. Parenteau filed an action under 42 U.S.C. § 1983. To state a claim for relief under § 1983, he must show a state actor violated his constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The facts alleged in Mr. Parenteau's complaint fail to state a

REPORT AND RECOMMENDATION - 1

viable claim for relief under § 1983.

First, Mr. Parenteau's claim is barred by the statute of limitations. He claims Detective Cooper illegally seized him in his home. Any claims arising for an alleged illegal or false arrest are subject to a three year statute of limitations. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir.1989) (citing RCW 4.16.080(2)). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Two Rivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). Here, Mr. Parenteau alleges he was illegally seized on July 19, 2014, which is more than three years ago from August 26, 2017, the date he filed the complaint. Mr. Parenteau clearly knew about the alleged illegal seizure at the time it occurred because it involved his own person. The complaint is thus untimely and barred by the statute of limitations.

Second, Mr. Parenteau's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a state prisoner brings a § 1983 action for damages, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id.* at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). Here Mr. Parenteau was apparently arrested by Detective Cooper and placed in the King County Jail where he remains detained. He claims the detective illegally seized him, a claim that if true would necessarily imply his conviction is invalid. The fact that Mr. Parenteau still remains in custody indicates he has not successfully challenged the criminal matter that brought him to the jail, and that his claims are therefore barred under *Heck*.

Because Mr. Parenteau did not provide any background information about his current status, the Court has also considered whether the criminal matter for which the detective arrested him is still pending. If so, *Heck* is inapplicable but the case should still be dismissed under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires a district court to dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

All of the *Younger* criteria are satisfied here assuming the criminal matter is still pending. Ongoing state criminal prosecutions implicate important state interests, and there is nothing to indicate Mr. Parenteau cannot raise in his criminal case the same claims he raises here, or that there is a danger of great and immediate irreparable harm. Accordingly, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and should be dismissed.

**CONCLUSION**

Because the complaint appears to be barred by the statute of limitations, and also appears to be barred either by *Heck v. Humphry*, or *Younger v. Harris,* the Court recommends the case be dismissed with prejudice.

Mr. Parenteau is advised that this Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 21, 2017.** The Clerk should note the matter for **November 24, 2017**, as ready for the District Judge's consideration.

Objections shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

The Clerk is directed to provide a copy of this order to Mr. Parenteau, and the Honorable James L. Robart.

DATED this 31st day of October, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge